United States District Court
Southern District of Texas
FILED

JUN 1 3 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ORELIA ESQUIVEL, et al. | { | |
| | { | CIVIL ACTION NO. B-03-104 |
| V. | { | |
| | { | |
| CIRCLE K STORES, INC., | { | |
| AND THE CITY OF HARLINGEN | { | |

### DEFENDANT CITY OF HARLINGEN'S
### MOTION TO DISMISS UNDER FRCP 12(b)(6)

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendant CITY OF HARLINGEN (also called "City of Harlingen Police Department") and files **DEFENDANT CITY OF HARLINGEN'S MOTION TO DISMISS UNDER FRCP 12(b)(6)** and would show the Court as follows:

### I. Statement of Nature and Stage of the Proceedings

Plaintiffs Esquivel sues essentially for false arrest and false imprisonment under (1) 42 USC § 1983, and (2) state law tort claims.

Defendant City of Harlingen moves to dismiss the claims under Fed.R.Civ.Pr. 12(b)(6).

ADAMS & GRAHAM, L.L.P.
Defendant City of Harlingen's Motion to Dismiss Under FRCP 12(b)(6)
[10-fmg] C:\FILES\H\H1090\Motions & Ords\Mtn12b6                                            Page 1 of 8

## II. Statement of the Issues

1. Whether the City's sovereign immunity against state law torts is not waived because:

    A. Plaintiffs' only alleged claims are intentional torts, and the Texas Tort Claims Act does not waive immunity for intentional torts; and

    B. There is no claim that the use or condition of tangible real or personal property caused injury.

2. Whether there is any legal basis for punitive damages against the City.

3. Whether Plaintiffs have alleged that the alleged constitutional violations occurred as a result of a policy promulgated by a final policymaker for the City of Harlingen.

## III. Plaintiff's Allegations

Plaintiffs' Original Petition, ¶ IV, claims Defendant City's police arrested and imprisoned them on May 17, 2003. The Petition, ¶ IV.A., alleges Mrs. Esquivel and her minor son were at a Harlingen "Circle K" convenience store purchasing gas. The Petition, ¶ III.B., alleges that after leaving the store, her car was pulled over by a Harlingen police officer; she and her son were arrested, hand-cuffed and taken to the police station. The Petition, ¶ III , alleges

-both plaintiffs were arrested by HPD without probable cause,

-both plaintiffs were falsely imprisoned by HPD,

-Circle K caused their false arrest and false imprisonment.

ADAMS & GRAHAM, L.L.P
Defendant City of Harlingen's Motion to Dismiss Under FRCP 12(b)(6)
[10-fmg] C:\FILES\H\H1090\Motions & Ords\Mtn12b6                                                     Page 2 of 8

The Petition, ¶ V, then alleges that "Defendants were negligent in that failed to properly protect Plaintiffs interest in their liberty and violated their rights under both Texas law and Federal law. However, the same paragraph further states that the actions were "intentional."

The Prayer, ¶ 2, seeks exemplary damages against "Defendants."

### IV. Argument and Authorities

A.  <u>Standard of Review</u>

Under Rule 12(b)(6), the court must accept the allegations as true and must view them in the light most favorable to Plaintiffs, drawing all reasonable inferences in his favor. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Dismissal under Rule 12(b)(6) is correct when it appears that no relief can be granted under any set of facts that could be proven consistent with the allegations. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 529 (5th Cir. 1996). However, the Complaint must state facts, not conclusions, to survive a Rule 12(b)(6) challenge. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

B.  <u>Sovereign Immunity Not Waived for State Law Claims</u>

Plaintiffs fail to allege any state law claims for which sovereign immunity is waived by the Texas Tort Claims Act ("TTCA").[1] The only specific torts alleged are false arrest and false imprisonment; the TTCA does not waive the City's immunity for intentional torts.[2] Their vague reference to negligence does not come with the TTCA waiver, for they do not

---

[1] Chap. 101, Texas Civil Practice & Remedies Code.

[2] TEX. CIV. PRAC. & REM. CODE ANN. §101.057 (Vernon 1997).

ADAMS & GRAHAM, L.L.P
Defendant City of Harlingen's Motion to Dismiss Under FRCP 12(b)(6)
[10-fmg] C:\FILES\H\H1090\Motions & Ords\Mtn12b6                                    Page 3 of 8

allege injury resulted from the use or condition of tangible property.[3/] The failure to allege state law claims coming within the TTCA waiver can be addressed under Rule 12(b)(6). *See e.g., Davenport v. Rodriguez,* 147 F.Supp.2d 630, 641 (S.D.Tex. 2001).

A Texas municipality cannot be held liable for causes of action brought under Texas common law unless the Texas Legislature has expressly waived that city's governmental immunity. *See University of Texas Medical Branch v. York,* 871 S.W.2d 175, 177 (Tex.1994). This immunity has only been waived as to claims brought pursuant to the TTCA. *See Lowe v. Texas Tech. University,* 540 S.W.2d 297, 298-99 (Tex.1976). Thus, Plaintiff's common-law causes of action against the City not legally cognizable unless they are clearly waived by the TTCA. *See York,* 871 S.W.2d at 177; *Duhart v. State,* 610 S.W.2d 740, 742 (Tex.1980).

The TTCA provides that there is no waiver of immunity for any claims "arising out of assault, battery, false imprisonment, or any intentional tort ...." TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2) (Vernon 1997). A review of Plaintiff's Complaint reveals that their intentional tort allegations (false arrest, false imprisonment) are not waived by the TTCA. Therefore, this claim is absolutely barred by sovereign immunity. *See Paz v. Weir,* 137 F.Supp.2d 782, 821 (S.D.Tex. 2001)(sexual assault); *Kellough v. Bertrand,* 22 F.Supp.2d 602, 612 (S.D.Tex. 1998)(false arrest and excessive force); *City of San Antonio v. Dunn,* 796 S.W.2d 258, 261 (Tex. App.–San Antonio 1990, writ denied) (false arrest and excessive

---

[3/] TEX. CIV. PRAC. & REM. CODE ANN. §101.021 (Vernon 1997).

ADAMS & GRAHAM, L.L.P.
Defendant City of Harlingen's Motion to Dismiss Under FRCP 12(b)(6)
[10-fmg] C:\FILES\H\H1090\Motions & Ords\Mtn12b6

Page 4 of 8

force); *Townsend v. Memorial Medical Center*, 529 S.W.2d 264, 266-67 (Tex. App.--Corpus Christi 1975, writ ref'd n.r.e.). Simply adding the term "negligence" will not change the result, when the negligent conduct is the intentional tort. 147 F.Supp.2d at 641.

Moreover, the TTCA waives the City's immunity only for two types of claims: (1) claims arising from the operation or use of motor-driven vehicles or equipment; and (2) claims caused by a condition or use of tangible personal or real property. TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021, 101.022 (Vernon 1997); *Kesler v. King*, 29 F.Supp.2d 356, 375 (S.D.Tex.1998). In order to hold the City liable under the TTCA, the plaintiff's injuries must have been proximately caused by the operation or use of a motor-driven vehicle or motor-driven equipment or by a condition or use of tangible real or personal property. *See Dallas County MH&MR v. Bossley v.*, 968 S.W.2d 339, 342 (Texas 1998); *Dupre v. Dallas County Hosp. Dist.*, 8 F.Supp.2d 908, 927 (S.D.Tex. 1998). Plaintiffs do not allege any act/omission of negligence (separate from the intentional torts) involving the use or condition of tangible property that was the proximate cause of injury to them.

C. <u>No Legal Claim for Punitive Damages Against the City</u>

The TTCA does not waive immunity against exemplary damages. TEX. CIV. PRAC. & REM. CODE ANN. §101.024 (1997). *Wicker v. City of Galveston*, 944 F.Supp. 553, 559 (S.D.Tex. 1996). Exemplary damages are not available against the City under 42 U.S.C. §1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271-72 (1981).

ADAMS & GRAHAM, L.L.P
Defendant City of Harlingen's Motion to Dismiss Under FRCP 12(b)(6)
[10-fmg] C:\FILES\H\H1090\Motions & Ords\Mtn12b6                                                Page 5 of 8

D.   No Allegation of a Policy Adopted by A Policymaker

Under 42 U.S.C. §1983, the City is not vicariously liable for the acts of its employees. *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 694 (1978). To hold the City liable, a final policymaker for the police department must have adopted a "policy" with deliberate indifference to its known or obvious consequences; the policy must be the moving force behind the violation. *Bd. Of County Comm. Of Bryan County v. Brown*, 520 U.S. 397, 404-5 (1997). A failure to have a policy is not enough, unless the failure amounts an intentional choice, not merely an unintended oversight. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *Doe v. Dallas I.S.D.*, 153 F.3d 211, 217 (5th Cir. 1998). Moreover, the policy must be unconstitutional on its face or adopted with deliberate indifference to the certainty that a constitutional violation will result. *Snyder v. Trepagnier*, 142 F.3d 791, 795-96 (5th Cir. 1998), *cert. dism'd*, 526 U.S. 1083 (1999); *Gonzalez v. Ysleta I.S.D.*, 996 F.2d 745, 754-60 (5th Cir. 1992). To survive a Rule 12(b)(6) challenge, the complaint must state facts, not mere conclusions, describing the policy and its relation to the constitutional violation. *Spiller v. City of Texas City*, 130 F.3d 162, 167 (5th Cir. 1997); *Casanova v. City of Brookshire*, 119 F.Supp.2d 639, 657 (S.D. Tex. 2000).

Here, Plaintiffs make no allegations at all about any of these elements. The court should either dismiss or order Plaintiffs to replead.

ADAMS & GRAHAM, L.L.P.
Defendant City of Harlingen's Motion to Dismiss Under FRCP 12(b)(6)
[10-fmg] C:\FILES\H\H1090\Motions & Ords\Mtn12b6                                                                Page 6 of 8

## V. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant CITY OF HARLINGEN prays the above and foregoing be taken under submission and upon hearing same, the Court grant the relief requested, dismiss all or part of the claims alleged, or grant any other such further relief to which they may show it entitled.

        Respectfully Submitted,

        ADAMS & GRAHAM, L.L.P.
        P. O. Drawer 1429
        Harlingen, TX 78551-1429
        956/428-7495; FAX: 956/428-2954
        RHughes@adamsgraham.com

By: _____
        TOM LOCKHART
        State Bar No. 12473500
        Federal ID No. 2257
        ROGER W. HUGHES
        State Bar No. 10229500
        Federal ID No. 5950

        Attorneys for Defendant CITY OF HARLINGEN

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this the 13th day of June, 2003, to the following counsel of record and interested parties:

Attorney of Record for Plaintiffs Orelia Esquivel, et al.:

Mr. Rubén R. Peña  *CM/RRR 7002 2410 0002 3598 0430*
**LAW OFFICES OF RUBÉN R. PEÑA, P.C.**
P. O. Box 530160
Harlingen, TX 78551-0160

_____
ROGER W. HUGHES

ADAMS & GRAHAM, L.L.P.
Defendant City of Harlingen's Motion to Dismiss Under FRCP 12(b)(6)
[10-fmg] C:\FILES\H\H1090\Motions & Ords\Mtn12b6

Page 8 of 8