

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED

SEP 1 6 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| ORELIA ESQUIVEL, individually and as next friend of a minor, JESUS ESQUIVEL, Plaintiff, <br><br> VS. <br><br> CIRCLE K STORES, INC. and the CITY OF HARLINGEN POLICE DEPARTMENT, Defendants. | § § § § § § § § § § § § CIVIL ACTION NO. B-03-104 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court is a Motion to Dismiss (Docket No. 3) pursuant to FED. R. CIV. P. 12(b)(6) for Failure to State a Claim, filed by Defendant, City of Harlingen Police Department ("City"). Also pending before the Court is a Motion for Leave to File First Amended Original Complaint (Docket No. 7) filed by the Plaintiff.

For the reasons set forth below, it is recommended that the Motion For Leave to Amend be denied and the Motion to Dismiss be denied.

## I. Factual Background

Plaintiff, Orelia Esquivel ("Esquivel"), filed a suit against Defendants in the 138th District Court of Cameron County Texas, Cause No. 2003-05-2601-B, on May 21, 2003. Esquivel alleged that she and her son had purchased gasoline at Defendant's Circle K store in Harlingen, Texas, at the same time that the store was being robbed. Esquivel contends that she and her son left the store and proceeded to purchase food at a Jack in the Box and subsequently began to drive home. According to Esquivel, officers from the Harlingen Police Department stopped the vehicle and arrested Esquivel and her son. After having been booked and jailed,

Esquivel and her son were released the following day without any criminal charges having been filed.

## II. Claims of the Parties

Esquivel claims that Circle K, Inc. was negligent in failing to identify the actual robbers. She seeks damages for false arrest, false imprisonment and malicious prosecution. Esquivel also claims that the City of Harlingen Police Department, intentionally and with deliberate indifference, conducted a campaign of harassment and inflicted injury to Plaintiffs resulting in severe emotional distress, loss of reputation, depression, loss of sleep, and physical and mental pain. Esquivel argues that the City was negligent in that they failed to protect Esquivel's right to liberty and "violated their rights under both Texas law and Federal law".[1] There is no reference to a particular federal cause of action.

Defendant, City of Harlingen, filed a Notice of Removal (Docket No. 1) on June 3, 2003, claiming federal question jurisdiction pursuant to 28 U.S.C. § 1331, but failed to state which federal law it believed was brought into question by Esquivel. The City then filed its Motion to Dismiss, arguing that Esquivel had "essentially" stated a cause of action under 42 U.S.C. § 1983, but failed to allege that the constitutional violations occurred as a result of a policy promulgated by a final policy maker for the City of Harlingen.

On August 6, 2003, United States Magistrate Judge John Wm. Black ordered the parties to submit briefs as to the issue of federal question jurisdiction, as alleged in the original state court petition. In response, Esquivel filed a Motion for Leave to File First Amended Original

---

[1] Docket No. 1. See Plaintiff's Original Petition, Cause No. 2003-05-2601-B filed in the 138th Judicial District of Cameron County, Texas.

2

Complaint (Docket No. 7). Neither party has complied with the order to brief the federal question jurisdiction issue.

### III. Motion for Leave to Amend

The Fifth Circuit has made it clear that a post-removal amendment to a petition that deletes all federal claims, leaving only pendent state claims, does not divest the district court of its properly triggered subject matter jurisdiction. *Hook v. Morrison Milling Co.*, 38 F.3d 776, 780 (5th Cir. 1994). In determining jurisdiction, the complaint at the time the petition for removal was filed is evaluated. *Anderson v. Electronic Data Sys. Corp.*, 11 F.3d 1311, 1316 (5th Cir.1994) n.8. "The rationale for determining removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal is obvious. Without such a rule, disposition of the issue would never be final, but would instead have to be revisited every time the plaintiff sought to amend the complaint...". *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

In this case, Esquivel's amended complaint attempts to amend away the basis for federal jurisdiction. The Motion for Leave to Amend should be denied.

### IV. Motion to Dismiss

Motions to dismiss for failure to state a claim pursuant to Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Southern Christian Leadership Conference v. Supreme Court of the State of Louisiana*, 252 F.3d 781, 786 (5th Cir. 2001) (quoting *Tanglewood East Homowners v. Charles-Thomas, Inc.*, 849 F.2d 1568, 1572 (5th Cir. 1988)). The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the statement of the claim for relief, not the facts that support it. *See Nevarez v. United States*, 957 F.Supp. 884, 889 (W.D. Tex. 1997). When ruling

3

on a Rule 12(b)(6) motion, this court must liberally construe the complaint in favor of the plaintiff and assume the truth of all well-pleaded facts. *See Oliver v. Scott*, 276 F.3d 736 (5th Cir. 2002). The court may not dismiss a plaintiff's action "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Southern Christian Leadership Conference*, 252 F.3d at 786 (quoting *Conley v. Gibson*, 355 U.S. 41 (1957)). A plaintiff's conclusory allegations or legal conclusions masquerading as factual assertions are insufficient to defeat a motion to dismiss. *See id.*

In this case, the City of Harlingen argues that Esquivel has essentially made a claim under 42 U.S.C. §1983. Section 1983 provides a federal cause of action for the violation, by a state actor, of a person's constitutional rights. In a cause of action against a municipality, the plaintiff must show that the execution of a policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, causes the injury.

Esquivel's petition states that her rights were violated "under Federal law". There is no reference to a cause of action under section 1983 specifically. However, it is difficult to conceive of a claim against the City for false arrest and imprisonment which would not implicate 42 U.S.C. § 1983. The facts as pled are sufficient to raise a claim against the City for violation of the plaintiff's rights, thus precluding 12(b)(6) dismissal.

## V. Recommendation

**IT IS RECOMMENDED** that Esquivel's Motion for Leave to Amend (Docket No. 7) should be **DENIED** and the City of Harlingen's Motion to Dismiss (Docket No. 3) should be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 15th day of September, 2003.

_____
John Wm. Black
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

| | | |
|---|---|---|
| ORELIA ESQUIVEL, individually and as next friend of a minor, JESUS ESQUIVEL, Plaintiff, | § § § § § | |
| VS. | § § | CIVIL ACTION NO. B-03-104 |
| CIRCLE K STORES, INC. and the CITY OF HARLINGEN POLICE DEPARTMENT, Defendants. | § § § § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Before the Court is Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a de novo review of the entire file, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation of September 15, 2003, should be adopted and Esquivel's Motion for Leave to File First Amended Original Complaint be denied and the City of Harlignen's Motion to Dismiss be denied.

DONE in Brownsville, Texas, on this _____ day of _____, 2003.

_____
Andrew S. Hanen
United States District Judge