United States District Court
Southern District of Texas
FILED

SEP 2 5 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ORELIA ESQUIVEL, et al. | { | |
| | { | CIVIL ACTION NO. B-03-104 |
| V. | { | |
| | { | |
| CIRCLE K STORES, INC., | { | |
| AND THE CITY OF HARLINGEN | { | |

### DEFENDANT CITY OF HARLINGEN'S
### OBJECTIONS TO MAGISTRATE'S REPORT ON ITS
### MOTION TO DISMISS UNDER FRCP 12(b)(6)

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendant CITY OF HARLINGEN (also called "City of Harlingen Police Department") and files **DEFENDANT CITY OF HARLINGEN'S OBJECTIONS TO MAGISTRATES REPORT ON ITS MOTION TO DISMISS UNDER FRCP 12(b)(6)** and would show the Court as follows:

#### I. Statement of Nature and Stage of the Proceedings

Plaintiffs Esquivel sues essentially for false arrest and false imprisonment under (1) 42 USC § 1983, and (2) state law tort claims.

Defendant City of Harlingen moved to dismiss the claims under Federal Rule Civil Procedure 12(b)(6). Dkt # 3. The Magistrate's Report recommended the motion be denied in full. Dkt # 12.

ADAMS & GRAHAM, L.L.P.
Defendant City of Harlingen's Objections to Magistrate's Report on Its Motion to Dismiss
[10-fmg] C \FILES\H\H1090\Motions & Ords\Objections to Mag Rep             Page 1 of 8

## II. Statement of the Issues

1. Whether the Magistrate's Report erred in failing to consider the City's objections to the state law grounds and the punitive damage claims.

2. Whether the City's sovereign immunity against state law torts is not waived because:

    a. Plaintiffs' only alleged claims are intentional torts, and the Texas Tort Claims Act does not waive immunity for intentional torts; and

    b. There is no claim that the use or condition of tangible real or personal property caused injury.

3. Whether there is any legal basis for punitive damages against the City.

## III. Plaintiff's Allegations

Plaintiffs' Original Petition, ¶ IV, claims Defendant City's police arrested and imprisoned them on May 17, 2003. The Petition, ¶ IV.A., alleges Mrs. Esquivel and her minor son were at a Harlingen "Circle K" convenience store purchasing gas. The Petition, ¶ III.B., alleges that after leaving the store, her car was pulled over by a Harlingen police officer; she and her son were arrested, hand-cuffed and taken to the police station. The Petition, ¶ III, alleges

-both plaintiffs were arrested by HPD without probable cause,

-both plaintiffs were falsely imprisoned by HPD,

-Circle K caused their false arrest and false imprisonment.

ADAMS & GRAHAM, L.L.P
Defendant City of Harlingen's Objections to Magistrate's Report on Its Motion to Dismiss
[10-fmg] C:\FILES\H\H1090\Motions & Ords\Objections to Mag Rep
Page 2 of 8

The Petition, ¶ V, then alleges that "Defendants were negligent in that failed to properly protect Plaintiffs interest in their liberty and violated their rights under both Texas law and Federal law. However, the same paragraph further states that the actions were "intentional."

The Prayer, ¶ 2, seeks exemplary damages against "Defendants."

### IV. Summary of the Argument

The City objects to the Magistrate's Report because it failed to recommend dismissal of (1) all or part of the state law claims, and (2) dismissal of punitive/exemplary damage claims. The Report fails to even discuss these points.

Governmental immunity protects the City from state law tort claims unless Plaintiff asserts a waiver under the Texas Tort Claims Act ("TTCA").[1] First, Plaintiffs have failed to allege facts that their state law claims arose from a use or condition of tangible property. Second, the TTCA does not waive immunity for intentional tort claims.

The punitive damages claims must fail. The TTCA does not waive immunity for punitive damages; federal law under 42 U.S.C. §1983 does not permit recovery for them either.

### V. Argument and Authorities

A.   <u>Standard of Review</u>

---

[1] Chap. 101, Texas Civil Practice & Remedies Code.

ADAMS & GRAHAM, L.L.P
Defendant City of Harlingen's Objections to Magistrate's Report on Its Motion to Dismiss
[10-fmg] C:\FILES\H\H1090\Motions & Ords\Objections to Mag Rep                                                     Page 3 of 8

The Magistrate's Report correctly states the standard of review for a motion to dismiss under Rule 12(b)(6).

B. <u>Sovereign Immunity Not Waived for State Law Claims</u>

Plaintiffs fail to allege any state law claims for which sovereign immunity is waived by the TTCA. The only specific torts alleged are false arrest and false imprisonment; the TTCA does not waive the City's immunity for intentional torts.[2] Their vague reference to negligence does not come with the TTCA waiver, for they do not allege injury resulted from the use or condition of tangible property.[3] The failure to allege state law claims coming within the TTCA waiver can be addressed under Rule 12(b)(6). *See e.g., Davenport v. Rodriguez*, 147 F.Supp.2d 630, 641 (S.D.Tex. 2001).

A Texas municipality cannot be held liable for causes of action brought under Texas common law unless the Texas Legislature has expressly waived that city's governmental immunity. *See University of Texas Medical Branch v. York*, 871 S.W.2d 175, 177 (Tex.1994). This immunity has only been waived as to claims brought pursuant to the TTCA. *See Lowe v. Texas Tech. University*, 540 S.W.2d 297, 298-99 (Tex.1976). Thus, Plaintiff's common-law causes of action against the City not legally cognizable unless they are clearly waived by the TTCA. *See York*, 871 S.W.2d at 177; *Duhart v. State*, 610 S.W.2d 740, 742 (Tex.1980).

---

[2] Tex. Civ. Prac. & Rem. Code Ann. §101.057 (Vernon 1997).

[3] Tex. Civ. Prac. & Rem. Code Ann. §101.021 (Vernon 1997).

ADAMS & GRAHAM, L L P
Defendant City of Harlingen's Objections to Magistrate's Report on Its Motion to Dismiss
[10-fmg] C:\FILES\H\H1090\Motions & Ords\Objections to Mag Rep                                    Page 4 of 8

The TTCA provides that there is no waiver of immunity for any claims "arising out of assault, battery, false imprisonment, or any intentional tort ...." TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2) (Vernon 1997). A review of Plaintiff's Complaint reveals that their intentional tort allegations (false arrest, false imprisonment) are not waived by the TTCA. Therefore, this claim is absolutely barred by sovereign immunity. *See Paz v. Weir*, 137 F.Supp.2d 782, 821 (S.D.Tex. 2001)(sexual assault); *Kellough v. Bertrand*, 22 F.Supp.2d 602, 612 (S.D.Tex. 1998)(false arrest and excessive force); *City of San Antonio v. Dunn*, 796 S.W.2d 258, 261 (Tex. App.–San Antonio 1990, writ denied) (false arrest and excessive force); *Townsend v. Memorial Medical Center*, 529 S.W.2d 264, 266-67 (Tex. App.--Corpus Christi 1975, writ ref'd n.r.e.). Simply adding the term "negligence" will not change the result, when the negligent conduct is the intentional tort. 147 F.Supp.2d at 641.

Moreover, the TTCA waives the City's immunity only for two types of claims: (1) claims arising from the operation or use of motor-driven vehicles or equipment; and (2) claims caused by a condition or use of tangible personal or real property. TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021, 101.022 (Vernon 1997); *Kesler v. King*, 29 F.Supp.2d 356, 375 (S.D.Tex.1998). In order to hold the City liable under the TTCA, the plaintiff's injuries must have been proximately caused by the operation or use of a motor-driven vehicle or motor-driven equipment or by a condition or use of tangible real or personal property. *See Dallas County MH&MR v. Bossley v.*, 968 S.W.2d 339, 342 (Texas 1998); *Dupre v. Dallas County Hosp. Dist.*, 8 F.Supp.2d 908, 927 (S.D.Tex. 1998). Plaintiffs do not allege any

ADAMS & GRAHAM, L.L.P
Defendant City of Harlingen's Objections to Magistrate's Report on Its Motion to Dismiss
[10-fmg] C:\FILES\H\H1090\Motions & Ords\Objections to Mag Rep    Page 5 of 8

act/omission of negligence (separate from the intentional torts) involving the use or condition of tangible property that was the proximate cause of injury to them.

C.   <u>No Legal Claim for Punitive Damages Against the City</u>

The TTCA does not waive immunity against exemplary damages. TEX. CIV. PRAC. & REM. CODE ANN. §101.024 (1997). *Wicker v. City of Galveston,* 944 F.Supp. 553, 559 (S.D.Tex. 1996). Exemplary damages are not available against the City under 42 U.S.C. §1983. *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271-72 (1981).

ADAMS & GRAHAM, L L P
Defendant City of Harlingen's Objections to Magistrate's Report on Its Motion to Dismiss
[10-fmg] C:\FILES\H\H1090\Motions & Ords\Objections to Mag Rep                                                                           Page 6 of 8

## VI. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant CITY OF HARLINGEN prays its objections be taken under submission and upon hearing same, the Court grant the relief requested, dismiss the alleged state law and punitive damage claims, or grant any other such further relief to which it may show itself entitled.

Respectfully Submitted,

By: _____
TOM LOCKHART
State Bar No. 12473500
Federal ID No. 2257
ROGER W. HUGHES
State Bar No. 10229500
Federal ID No. 5950
**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495; FAX: 956/428-2954
RHughes@adamsgraham.com

Attorneys for Defendant CITY OF HARLINGEN

ADAMS & GRAHAM, L.L.P.
Defendant City of Harlingen's Objections to Magistrate's Report on Its Motion to Dismiss
[10-fmg] C:\FILES\H\H1090\Motions & Ords\Objections to Mag Rep
Page 7 of 8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this the 25th day of September, 2003, to the following counsel of record and interested parties:

Attorney of Record for Plaintiffs Orelia Esquivel, et al.:

Mr. Rubén R. Peña                             CM/RRR 7002 2410 0002 3603 9816
**LAW OFFICES OF RUBÉN R. PEÑA, P.C.**
P. O. Box 530160
Harlingen, TX 78551-0160

_____
ROGER W. HUGHES

ADAMS & GRAHAM, L.L.P
Defendant City of Harlingen's Objections to Magistrate's Report on Its Motion to Dismiss
[10-fmg] C:\FILES\H\H1090\Motions & Ords\Objections to Mag Rep                    Page 8 of 8