IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 1 4 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ORELIA ESQUIVEL, INDIVIDUALLY § <br> AND A/N/F JESUS ESQUIVEL, JR. § <br> § <br> § <br> VS. § <br> § <br> CIRCLE K STORES INC. & CITY OF § <br> HARLINGEN POLICE DEPARTMENT § <br> § | CIVIL ACTION NO. B-03-104 |

**PLAINTIFFS' SECOND AMENDED ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

     NOW COMES, ORELIA ESQUIVEL, INDIVIDUALLY AND As Next Friend of JESUS ESQUIVEL, JR. for cause of action shows:

I.

     Discovery is intended to be conducted under Level 2 of Texas Rules of Civil Procedure 190. Plaintiffs affirmatively plea that they seek monetary relief aggregating more than $50,000.

II.

A.    Plaintiffs are individuals residing in Cameron County, Texas.

B.    Defendant Circle K Stores, Inc. is a Texas Corporation authorized to do business in Texas and may be served with citation by serving its registered agent for service by registered, certified mail return receipt requested:

        E.B. Bonner
        SSP Partners
        4433 Baldwin
        Corpus Christi, Texas 78413

C.    Defendant City of Harlingen is a municipal corporation located in Cameron County Texas and has filed an answer herein.



### III.
### VENUE FACTS

All of the acts complained of were committed in Cameron County, Texas, therefore venue is proper in Cameron County, Texas.

### IV.
### SUMMARY OF THE FACTS OF THE CASE

A. On or about May 17, 2003, Plaintiffs ORELIA ESQUIVEL and her minor son, JESUS ESQUIVEL, JR. arrived at the Circle K Food Store No. 0083 located at 2810 N. Commerce in Harlingen, Texas for the purpose of purchasing gasoline. Upon arrival, the minor entered the premises which are open to the public and for which Circle K seeks to obtain business from individuals such as the Plaintiffs. The minor paid for five dollars worth of gasoline and a soft drink. After paying for the items, the clerk informed the minor that the side of the pumps his mother was parked at were not functioning. The minor exited and informed his mother, returned for his change and soft drink and departed. Unbeknownst to the Plaintiffs, the Circle K store was either being robbed at that same time or within seconds of the minor's departure.

B. Shortly after leaving the Circle K premises, the Plaintiffs proceeded to a Jack in the Box restaurant located at Tyler and Sunshine 77 Strip in Harlingen, Texas. After purchasing three hamburgers, the Plaintiff, ORELIA ESQUIVEL, departed and immediately noticed a Harlingen Police Department vehicle trailing behind. As they were returning home, the police vehicle flashed its lights and ordered the Plaintiffs to stop and were summarily arrested, handcuffed and transported to the Harlingen Police Department, even though the Plaintiffs were proclaiming their innocence. The Harlingen Police Department arrested the Plaintiffs without probable cause and falsely imprisoned the Plaintiffs for approximately 12 hours.

C. The Harlingen Police Department violated the minor's rights in that the Police Department questioned the minor seeking to obtain a confession, even though the Harlingen Police Department was aware that the minor should be immediately transported to a juvenile detention facility and held for questioning by a magistrate.

D. The Harlingen Police Department further violated the Plaintiffs' rights in that they were detained without probable cause and without legal authority. The Harlingen Police Department further sought to intimidate the Plaintiff ORELIA ESQUIVEL, by threatening her with fines, jail time in excess of 50 years and bond in the amount of $50,000 all in an attempt to have the Plaintiff confess to a crime she did not commit.

E. Some time on the following day, after having been booked by the Harlingen Police Department, the Plaintiffs were released without having to post bond or having been arranged on any criminal charges. All of these actions caused the Plaintiffs great emotional distress and anxiety, embarrassment, pain and suffering.

F. Circle K was negligent in failing to properly identify the criminals who committed the

crime of robbery, thereby endangering the lives of the Plaintiffs and causing their false arrest and false imprisonment as well as being maliciously prosecuted.

V.

As a result of the actions of the Defendants individually and collectively, Plaintiffs have suffered severe emotional distress, loss of reputation and caused depression. Plaintiffs have suffered loss of sleep, physical and mental pain. The actions by the Defendants were negligent in that they failed to properly protect Plaintiffs' interests in their liberty and violated their rights under Texas law. The Defendants' actions were further intentional it they knew or should have known that they had made a mistake yet they failed to take corrective action.

Defendant City of Harlingen campaign of harassment outlined above was conducted willfully with the deliberate intention of inflicting injury on the Plaintiffs and with knowledge of the probable results of that campaign.

VII.

Defendants' campaign of harassment was conducted maliciously with intent to injure Plaintiffs or with actual subjective awareness of the risk involved and in conscious indifference to the rights, safety or welfare of others, including Plaintiffs. Plaintiffs are, therefore, entitled to punitive or exemplary damages, including reasonable attorney's fees.

VIII
**TEMPORARY RESTRAINING ORDER**

Plaintiffs have reason to believe that a video tape recording of the underlying criminal event exists. Plaintiffs further have reason to believe that the Defendants may seek to destroy, erase, modify, alter, delete or misplace the video tape recording. Plaintiffs therefore seek this Honorable Court to issue a Temporary Restraining Order preventing the City of Harlingen or Circle K from destroying, erasing, modifying, altering, deleting or misplacing the videotape of the armed robbery which occurred on May 17, 2003 between the hours of 9 and 11 p.m. at the Circle K food store no. 0083 located at 2810 N. Commerce Harlingen, Cameron County, Texas.

Plaintiffs further believe that the Defendant, City of Harlingen, Texas will seek to destroy, erase, modify, alter or misplace evidence related to her arrest and that of her son. Plaintiffs request this Honorable Court issue a Temporary Restraining Order preventing the City of Harlingen, Texas from destroying, erasing, modifying, altering or misplacing any and all documents, reports, notes, memos, photographs, fingerprints, or videotapes of the arrest, booking, charging or detention of the Plaintiff ORELIA ESQUIVEL and her minor son, JESUS ESQUIVEL, JR.

For the reasons stated in this pleading, Plaintiffs, ORELIA ESQUIVEL, individually and as next friend, requests that this Court issue a Temporary Restraining Order in order to preserve the status quo and the property and rights of the Plaintiff during the pendency of this action. That the Defendants should be cited to appear and show cause why they should not be temporarily restrained, during the pendency of this action, from destroying, erasing, modifying, altering or misplacing the

subject video tape. Further, that the City of Harlingen, Texas should be cited to appear and show cause why it should not be temporarily restrained, during the pendency of this action, from destroying, erasing, modifying, altering or misplacing any and all documents, reports, notes, memos, photographs, fingerprints, videotapes of the Plaintiffs' arrest, booking, charging or detention.

Thereafter, to show cause why a Temporary Injunction to restrain and enjoin Defendants City of Harlingen, Texas and/or Circle K from destroying, altering or misplacing the subject videotape.

Plaintiff hereby requests a jury trial to be held on said cause.

WHEREFORE, Plaintiffs request this Honorable Court to issue a Temporary Restraining Order prohibiting the destruction of the video tape in question and which is either in the possession of the Harlingen Police Department or Circle K Inc.

WHEREFORE, Plaintiffs request that Defendants be cited to appear and answer, and that on final trial, Plaintiffs have:

1. Judgment against Defendants, jointly and severally, for a sum within the jurisdictional limits of the Court with interest as provided by law.

2. Exemplary damages against Defendants in a sum determined by the trier of fact.

3. Interest after judgment at the lawful rate until paid.

4. Cost of Suit.

5. Attorney's fees

6. Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**LAW OFFICES OF RUBEN R. PEÑA, P.C.**
P. O. Box 530160
222 W. Harrison
Harlingen, Texas 78550
Telephone No. (956) 412-8200
Facsimile No. (956) 412-8282

BY: _____
RUBEN R. PEÑA
State Bar No. 15740900
Federal I.D. No. 1216
ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Plaintiff's Second Amended Complaint was on the __9__ day of October, 2003 mailed by facsimile and first class mail to the Attorney of Record for the Defendant City of Harlingen.

RUBEN R. PEÑA

## CERTIFICATE OF CONFERENCE

The undersigned attorney has conferred with opposing counsel and opposing counsel does not object to the filing of the Plaintiffs' Second Amended Complaint.

RUBEN R. PEÑA