*19*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

OCT 2 2 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| ORELIA ESQUIVEL, individually and as | § | |
| next friend of minor, | § | |
| JESUS ESQUIVEL, | § | |
|     Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-104 |
| | § | |
| CIRCLE K STORES, INC. and | § | |
| THE CITY OF HARLIGEN POLICE | § | |
| DEPARTMENT, | § | |
|     Defendants | § | |

**ORDER**

**I.     INTRODUCTION**

Plaintiff Orelia Esquivel ("Esquivel") brought a 42 U.S.C. § 1983 action alleging false imprisonment and false arrest as well as state law tort claims averring same against the City of Harligen Police Department ("the City"). Esquivel also sought punitive damages. On the City's Motion to Dismiss all claims, Magistrate Judge William Black issued a Report and Recommendation recommending that the City's motion be denied because Esquivel raised a valid claim under § 1983. The Report, however, did not address either the state law claims or the claim for punitive damages, and the City objected to the Report's failure to do so. No reply to these objections was filed by Esquivel. This Court adopts Judge Black's Report and Recommendation as to Esquivel's § 1983 claim and denies the City's Motion to Dismiss. Further, this Court grants the objections pertaining to the state law claims and the claim for punitive damages and concludes that dismissal is warranted. Accordingly, the City's Motion to Dismiss is granted as to those claims.

**II.     DISCUSSION**

The City is a governmental unit generally immune from tort liability except to the extent

1

that the immunity is waived by the Texas Tort Claims Act. ("the TTCA"). Tex. Civ. Prac. & Rem. Code Ann. § 101.001-101.109; Davenport v. Rodriguez, 147 F.Supp.2d 630, 640 (S.D.Tex.2001). Immunity is explicitly not waived for claims "arising out of assault, battery, false imprisonment, or any other intentional tort..." Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2). Accordingly, Esquivel's intentional tort claims of false arrest and false imprisonment are not legally cognizable and must fail as a matter of law. See Rodriguez, 147 F.Supp. 2d at 641.

As for Esquivel's punitive damages claim, recovery for such damages is not permitted under either the TTCA, Tex. Civ. Prac. & Rem. Code Ann. § 101.024; see also Wicker v. Galveston, 944 F.Supp. 553, 560 (S.D.Tex.1996), or 42 U.S.C. § 1983. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1982). Thus, that claim must also fail as a matter of law.

## III.    CONCLUSION

Because the TTCA does not waive the City's governmental immunity for intentional tort claims and both the TTCA and 42 U.S.C. § 1983 preclude an award of punitive damages, the City is entitled to dismissal of Esquivel's state law and punitive damages claims.

**DONE** at Brownsville, Texas, this 21st day of October, 2003.

Andrew S. Hanen
United States District Judge