

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 0 1 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ORELIA ESQUIVEL, et al. { | |
| { | CIVIL ACTION NO. B-03-104 |
| V. { | |
| { | |
| CIRCLE K STORES, INC., { | **A JURY TRIAL IS DEMANDED** |
| AND THE CITY OF HARLINGEN { | |

DEFENDANT CITY OF HARLINGEN'S AMENDED
ANSWER TO PLAINTIFF'S THIRD AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendant CITY OF HARLINGEN (also called "City of Harlingen Police Department") and files **DEFENDANT CITY OF HARLINGEN'S AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED ORIGINAL COMPLAINT** and would show the Court as follows:

I.

1. Defendant City of Harlingen ("Harlingen") admits ¶¶ I and II.C. of Plaintiffs' Third Amended Original Complaint ("Complaint"), except that the discovery level is irrelevant as the case is in federal court.

2. Defendant Harlingen is without sufficient information or knowledge to admit or deny ¶¶ II.A and II.B. of Plaintiffs' Complaint at this time, and therefore it can neither

admit nor deny at this time.

3. Defendant Harlingen admits so much of ¶ III of Plaintiffs' Complaint as alleges venue is proper in this district; it denies the rest of ¶ III.

4. Defendant Harlingen admits so much of ¶ IV.A. of Plaintiffs' Complaint as alleges Plaintiffs were present at the Circle K Food Store and that it was robbed; Defendant Harlingen is without sufficient information or knowledge to admit or deny the rest of ¶ IV.A. of Plaintiffs' Complaint at this time, and therefore denies them.

5. Defendant Harlingen admits so much of ¶ IV.B. of Plaintiffs' Complaint as alleges Plaintiffs were detained and transported to the Harlingen Police Department; Defendant Harlingen is without sufficient information or knowledge to admit or deny the rest of ¶ IV.B. of Plaintiffs' Complaint at this time, and therefore denies them.

6. Defendant Harlingen denies ¶¶ IV.C, IV.D, IV.E, and IV.F of Plaintiffs' Complaint.

7. Defendant Harlingen denies ¶¶ V, VII, VII and VIII of Plaintiffs' Complaint.

II.

8. Defendant Harlingen's pleads the defense of governmental/sovereign immunity. Immunity is not waived under Texas Tort Claims Act by Texas Civil Practice and Remedies Code section 101.021 because the claims do not involve either (a) operation or use of a motor driven vehicle or equipment, or (b) a condition or use of tangible personal or real property. Moreover, the officers acted with official or qualified

ADAMS & GRAHAM, L.L.P.
Defendant City of Harlingen's Answer to Plaintiff's Third Amended Original Complaint
[10-fmg] C:\FILES\H\H1090\Pleadings\Amended Ans2 3AmdOrigComplt                                                Page 2 of 5

immunity and therefore there is no waiver of immunity under section 101.021.

9. Any waiver of immunity under the Texas Tort Claims Act is excluded under Texas Civil Practice and Remedies Code sections 101.055(3), 101.056, and 101.057(2); the Texas Tort Claims Act does not waive immunity for acts falling within those sections. Damages against Defendant City are limited by Texas Civil Practice and Remedies Code section 101.023; liability for punitive damages is not waived and is excluded by Texas Civil Practice and Remedies Code section 101.024.

10. Defendant Harlingen pleads that its officers and employees acted with probable cause. There was probable cause to detain and arrest Plaintiffs; any arrest or detention was done in a reasonable manner and for a reasonable time. Defendant Harlingen's officers and employees acted in good faith and with legal justification.

11. The acts or omissions of third parties over which Harlingen has no control were the proximate or sole proximate cause of all or part of Plaintiffs' alleged injuries. Any liability of Defendant Harlingen is reduced as provided by Texas Civil Practice and Remedies Code Chapters 32 and/or 33 for the acts of any co-defendant or responsible third party. Defendant reserves the right to make its election for settlement credits or percentage reduction under Chapter 33 in the event Plaintiffs settle with any other party.

12. Defendant Harlingen demands a jury trial.

ADAMS & GRAHAM, L.L.P.
Defendant City of Harlingen's Answer to Plaintiff's Third Amended Original Complaint
[10-fmg] C:\FILES\H\H1090\Pleadings\Amended Ans2 3AmdOrigComplt                                                    Page 3 of 5

WHEREFORE, PREMISES CONSIDERED, Defendant CITY OF HARLINGEN prays the court deny Plaintiffs' requested relief as to this Defendant, enter judgment in favor of this Defendant, and award this Defendant its costs, and any other such relief to which it may show itself entitled.

Respectfully Submitted,

By: _____
TOM LOCKHART
State Bar No. 12473500
Federal ID No. 2257
ROGER W. HUGHES
State Bar No. 10229500
Federal ID No. 5950
**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495; FAX: 956/428-2954

Attorneys for Defendant CITY OF HARLINGEN

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this the 1 day of December, 2003, to the following counsel of record and interested parties:

| | |
|---|---|
| Mr. Rubén R. Peña<br>**LAW OFFICES OF RUBÉN R. PEÑA, P.C.**<br>P. O. Box 530160<br>Harlingen, TX 78551-0160 | *CM/RRR 7001 2510 0004 2063 6371* |
| Mr. Rick Rogers<br>**PORTER, ROGERS, DAHLMAN & GORDON**<br>One Shoreline Place | *Via Ordinary Mail* |

ADAMS & GRAHAM, L.L.P.
Defendant City of Harlingen's Answer to Plaintiff's Third Amended Original Complaint
[10-fmg] C:\FILES\H\H1090\Pleadings\Amended Ans2 3AmdOrigComplt                    Page 4 of 5

800 N. Shoreline, Suite 800
Corpus Christi, TX 78401-3708

_____
ROGER W. HUGHES

ADAMS & GRAHAM, L.L.P
Defendant City of Harlingen's Answer to Plaintiff's Third Amended Original Complaint
[10-fmg] C:\FILES\H\H1090\Pleadings\Amended Ans2 3AmdOrigComplt                          Page 5 of 5