United States District Court
Southern District of Texas
FILED

JUN 0 1 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ORELIA ESQUIVEL, et al. { | |
| { | CIVIL ACTION NO. B-03-104 |
| V. { | |
| { | |
| { | |
| THE CITY OF HARLINGEN { | |

**DEFENDANT CITY OF HARLINGEN'S REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendant CITY OF HARLINGEN ("City") and files **DEFENDANT CITY OF HARLINGEN'S REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** and would show the Court as follows:

### I. The Nature And Stage of The Case

The district court dismissed the state law claims against the City, leaving only federal claims under section 1983. Dkt# 19. The City moved for summary judgment on the remaining federal claims; Plaintiffs' have responded. Dkt # 36, 42.

Under Judge Hanen's Civil Procedures Rule 5.C., the City files its reply.

### I. Plaintiffs Concede All Issues Except Probable Cause to Arrest

The City's motion for summary judgment argued that:

ADAMS & GRAHAM, L.L.P.
Defendant City of Harlingen's Reply in Support of Defendant's Motion for Summary Judgment
[10-fmg] C.\FILES\H\H1090\Motions & Ords\Reply-Supp-MSJ                                    Page 1 of 12

    a.    The City's officers were not deliberately indifferent to Plaintiffs' safety or security nor did they act with deliberate indifference toward Plaintiffs with reference to questioning them or to the conditions or length of detention.

    b.    The City's officers' actions with respect to the conditions/length of detention or questioning of Plaintiffs were not conscience shocking.

    c.    The City's police officers did not use excessive or unreasonable force to arrest or detain Plaintiffs and Plaintiffs suffered no injury.

    d.    Plaintiffs are not entitled to punitive damages.

Dkt # 36, pp. 1-2. Plaintiffs' Response, p. 2 [dkt # 42], concedes their only claim is arrest with probable cause; they do not contest the other issues. For that reason, the City is entitled to summary judgment on any claims based on events subsequent to their arrest. Local Rule 7.4.

Therefore, any claims about the condition/length of detention, the interrogation, and punitive damages are out of the case. The only remaining claim is a claim under section 1983 for arrest without probable cause under the Fourth Amendment. See Plaintiffs' Response, p. 2; dkt # 42.

## II. Argument and Authorities

A.    <u>The Officers Had Probable Cause to Arrest</u>

Struggle as Plaintiffs may, the evidence shows that when the officers arrested Plaintiffs, the officers had the following information:

    a.    Plaintiffs admitted they had been at the convenience store

 b. An eyewitness [Parke] said she saw the perpetrator leave the store and get in the Esquivel's Explorer

 c. The same witness gave a correct description and license tag number for the Esquivel Explorer

 d. The eyewitness and the store clerk both said the perpetrator went towards Fillmore Street

 e. The Esquivel Explorer was found minutes later on Fillmore Street

 f. The officer who tailed the Esquivel Explorer lost sight of it long enough for someone to exit the vehicle and flee on foot

 g. The store's videotape showed that each time Jesus Esquivel entered the store, the perpetrator stood next to Jesus in the line to cash register

 h. The second time Jesus Esquivel entered the store he waived to someone

 i. Jesus Esquivel told the officers he saw his uncle (Luis Ovalle) at the store and he thought maybe his uncle committed the robbery

Plaintiffs do not seem to dispute that, if the officers had such information then they had probable cause. Rather, they seem to argue a fact question on the credibility of this information exists because they claim (1) the eyewitness later admitted she had been drinking, (2) the store clerk did not confirm the perpetrator left in a car, (3) the store's video tape did not agree with one detail of the eyewitness's account, and (4) Jesus Esquivel could

ADAMS & GRAHAM, L.L.P.
Defendant City of Harlingen's Reply in Support of Defendant's Motion for Summary Judgment
[10-fmg] C:\FILES\H\H1090\Motions & Ords\Reply-Supp-MSJ Page 3 of 12

not recall what he told the officers before he was arrested.

Much of Plaintiffs' argument confuses "probable cause" with the amount of evidence necessary to convict. All that is needed is sufficient information to warrant a reasonable person to believe that an offense had been committed by the suspect. *Vance v. Nunnery*, 137 F.3d 270, 276 (5th Cir.1998). It is not a matter of logic or a neat set of rules. *Mendenhall v. Riser*, 213 F.3d 226, 231 (5th Cir.2000); *United States v. Lee*, 962 F.2d 430, 435 (5th Cir.1992). Ms. Parke's story was independently corroborated by the facts and the totality of the evidence supported a belief Plaintiffs had committed an offense. Plaintiffs cannot create a fact question by claiming they did not tell the officers they were guilty. *Reasonover v. Wellborn,* 105 F.Supp.2d 827, 831 (E.D.Tex. 2001).

Plaintiffs' analysis depends on sympathy that they were later cleared. This is irrelevant to the probable cause analysis. *Pierson v. Ray*, 386 U.S. 547, 555 (1967). If this were a motion to suppress evidence that perpetrator's gun and the stolen goods were found in the Esquivel's Explorer, the Court would not hesitate to find probable cause. The result is no different in this case.

1.  <u>Investigating Officers Had No Evidence that Eyewitness Was Not Credible</u>

Plaintiffs argue that Ms. Parke later admitted to being "intoxicated" which precludes her from being credible. Response, p. 3 citing Def. Exh. 9; dkt # 42. The evidence does not show she was intoxicated. Plaintiffs offer no evidence Ms. Parke was drunk or that the

officers had reason to know she was impaired.

What Ms. Parke said the next day was that she had "had three beers to drink that night and I was feeling 'buzzed' at the time that I witnessed the robbery." Def. Exh. 9; dkt # 36. Moreover, the officers who interviewed her at the scene did not notice any intoxication. Def. Exhs. 4, p. 22; 7, p. 23; dkt # 36. This is no evidence the officers knew or should have known when they first interviewed her that she was not credibly.

Moreover, the officers shortly obtained corroboration of her account. It is undisputed that she gave an accurate description of the Esquivel Explorer, including the exact license tag number. Def. Exh. 4, p. 19; 7, pp. 22-23; dkt # 36. She told them the car "drove off on Fillmore St." Exh. 9; dkt # 36. The vehicle she described was found on Fillmore Street minutes shortly after the robbery. Def. Exh. 3, p. 18; dkt # 36. She had a good vantage point to observe the robbery. Def. Exhs. 4, p. 19-20; 7, p. 23; dkt # 36. Her description of how the perpetrator conducted the robbery tracks the video tape. Compare Def. Exh. 9 with videotape Plf Exh. 1 @ 22:24-22:25; dkt # 36, 42.

2. <u>Store's Clerk and Video Tape Did Not Contradict Eyewitness Account</u>

Plaintiffs argue that (1) the store clerk [Julio Gonzalez] did not confirm the perpetrator got in a car, and (2) the video tape shows the perpetrator exiting the door to his right. Response, p. 1; dkt # 42. Plaintiffs cite mostly what Gonzalez told a dispatcher, not what he told the police officer who arrived on the scene. At best, Gonzalez told a dispatcher he

was unsure if the perpetrator left in a car or on foot, that it could be "either or."

On the video, as the perpetrator leaves, Gonzalez paces up and down the counter and then calls an emergency number. Plntf Exh. 1 @ 22:22:50-22:23:00; dkt # 42. As he is describing the robbery to the dispatcher, Aide Velasquez enters to give him the vehicle license number which she has gotten from her friend [Parke]. Plntf Exh. 1 @ 22:23:00; dkt # 42. Gonzalez tells the dispatcher the perpetrator was "on foot, wearing a green cap" headed towards Fillmore Street. Plntf Exh. 1 @ 22:24:00-30; dkt # 42. He then says "no se si se fue en carro o a pie,"["I do not know if he left by car or on foot"], but "he came in walking." Plntf Exh. 1 @ 22:24:55- 22:25:10; dkt # 42. Ms. Velasquez then gives him the white Explorer's tag number she obtained from her friend; Gonzalez then tells the dispatcher about a white Explorer's license number. Plntf Exh. 1 @ 22:25:30; dkt # 42. He then tells the dispatcher right now he is not sure, it "could be either or." Plntf Exh. 1 @ 22:26:20-30; dkt # 42. At that point, HPD Officer Moreno enters the store and begins interviewing the clerk. During this time, Ms. Velasquez tells Officer Moreno her friend saw how the perpetrator fled and the officer goes out of the store. Plntf Exh. 1 @ 22:29:30; dkt # 42. Even assuming the investigating officers were told what Gonzalez told the dispatcher, nothing he said contradicted what Ms. Parke said.

Second, the direction the perpetrator fled out the door did not disprove what Ms. Parke told the officers about seeing him get in the Esquivel Explorer. If the perpetrator did get in

the Explorer, the video camera would not catch that. The video shows only that the perpetrator turned to his right as he exited the door and that the Velasquez vehicle was directly in front of the door. The angle of the camera does not allow one to see the rest of the sidewalk; it shows only part of Velasquez car's front end. Next, both Gonzalez and Ms. Parke said he headed towards Fillmore Street. Plntf Exh. 1 @ 22:24:10-20; dkt # 42; Def. Exh. 8; dkt # 36. The store clerk told Officer Moreno only that "El se fue asi" ["He left so"], pointing first straight out the door and then right. Plntf Exh. 1 @ 22:32:48; dkt # 42; The point is that merely viewing the video tape would not have conclusively shown Ms. Parke was wrong that the perpetrator got in the Esquivel Explorer, especially when she was correct about so many other details.

    3.    <u>Jesus Esquivel's Statement to Police Implicated Them</u>

Plaintiffs do not overcome the effect of what Jesus Esquivel told the officers when he was first detained. HPD Officers Hushen and Fechner questioned Jesus Jr. Def. Exhs. 2, pp. 22-23; 7, pp. 16-17, 21; dkt # 36. Officer Hushen said Jesus Jr. told him that his uncle, Luis Ovalle, had done the robbery. Exh. 7, pp. 16-17; dkt # 36. This differed from his mother, Plaintiff Oralia Esquivel, told the officers at the scene while Jesus was being questioned. She was saying that she knew nothing about any robbery at the Circle K and there was no third person with them; her son, who was with her, said that a relative was the perpetrator. The officers noted that Mrs. Esquivel and son were telling different stories and told them so. Def.

ADAMS & GRAHAM, L.L.P.
Defendant City of Harlingen's Reply in Support of Defendant's Motion for Summary Judgment
[10-fmg] C:\FILES\H\H1090\Motions & Ords\Reply-Supp-MSJ                                                                         Page 7 of 12

Exhs. 1, 29; 2, p. 23; 3, p. 28-29; dkt # 36.

Plaintiffs first quibble that Jesus' statement to Officer Hushen was not a "res gestae" statement in connection with the robbery.[1] Response, pp. 6-7; dkt # 42. This entirely misses the point that the issue is probable cause to arrest. What the suspect tells the arresting officers prior to arrest is certainly reliable information on which to base their decision to arrest. There is no requirement that statements must be admissible under the rules of evidence to form part of probable cause to arrest. The statement is admissible against Jesus Esquivel because it is his statement. FED. R. EVID. 801(d)(2). It is admissible against Oralia Esquivel for the purpose of establishing on what basis the officers made their decision to arrest.

Plaintiffs then try to manufacture a fact question on what Jesus Esquivel told Officer Hushen before the arrest. Response, pp. 7-8 [dkt #42], citing Def. Exh. 2, p. 22 [dkt # 36]. Plaintiffs quote only part of Jesus Esquivel's testimony. The entire testimony is:

Q. Okay, so when did you tell them about your uncle Luis Ovalle?

A. When they took me to the police department.

Q. You didn't mention his name before they took you to the police department?

---

[1] "Res gestae" refers to a statement made in connection with a transaction. 29A AM.JUR.2D *Evidence* §860 p. 277 (1994); Bryan Garner, BLACKS LAW DICT. 7TH ED *Res Gestae* p. 1310 (1999). It includes not only excited utterances, but also applies to statements made contemporaneously or subsequent to incident to establish the complete story or entire course of conduct. 29A AM.JUR.2D *Evidence* §862 p. 279-80 (1994).

> A. *I don't remember.*
>
> Q. Okay, so *while you were at the scene, you might have mentioned seeing your uncle there?*
>
> A. *Yes, sir.*
>
> Q. Okay. *Do you think maybe you had mentioned that maybe your uncle might have been involved in it,* you thought that he was involved in it somehow?
>
> A. *I don't remember.*
>
> Q. You don't remember? You can't remember whether you said that or whether you didn't?
>
> A. *I don't remember.*
>
> Q. Well, so you can't remember whether you did or did not say anything about your uncle, Mr. Ovalle, to the police while you were under arrest there where they stopped the car?
>
> A. Not when they stopped us.
>
> Q. *You don't recall saying anything to them one way or the other about Mr. Ovalle, when they stopped you?*
>
> A. *I don't remember.*

Def. Exh. 2, pp. 22-23; Dkt # 42 [emphasis added]. The point is that Jesus Esquivel testified he "might have" told the officers at the scene that his uncle was at the Circle K and he could not remember what he told them at that time about his uncle. "Maybe" and "I don't remember" do not contradict or deny Officer Hushen's testimony.

ADAMS & GRAHAM, L.L.P.
Defendant City of Harlingen's Reply in Support of Defendant's Motion for Summary Judgment
[10-fmg] C:\FILES\H\H1090\Motions & Ords\Reply-Supp-MSJ

Page 9 of 12

4. <u>There Is No Missing "Documentation"</u>

Plaintiffs Response, p. 8, claims Officer Hushen failed to take the statement of the Jack-in-the-Box clerk, Lori Trevino, who said she observed three people in the Esquivel vehicle. This is a "rabbit trail" given that Plaintiffs have narrowed their claim to one issue: probable cause to arrest.

Officer Hushen did not interview Ms. Trevino until after he directed Officer Salinas to arrest Plaintiffs. Def. Exh. 7, p. 24-25; dkt # 36. Therefore, it played no part in the probable cause to arrest. It bore only on why Plaintiffs were detained until the next day; however, Plaintiffs do not appear to assert the length of their detention as a claim.

For the same reason, the City objects to Mr. Pena's affidavit, Plaintiffs exhibit 8 [dkt # 42]. His opinion that her testimony was an "important part" of the investigation is irrelevant to the issues at hand. Moreover, it is improper expert opinion evidence under Rule of Evidence 702 because Mr. Pena has not established his expertise on the subject or his methodology; it is not a subject on which the fact finder needs or will be assisted by expert opinion. It is improper lay opinion evidence under Rule of Evidence 701 because it is not helpful to understand the rest of his testimony nor is it rationally based on his first hand perceptions. Finally, it fails to meet the standards of Federal Rule of Civil Procedure 56(f) to explain what the witness will say or how it bears on the issues.

ADAMS & GRAHAM, L.L.P.
Defendant City of Harlingen's Reply in Support of Defendant's Motion for Summary Judgment
[10-fmg] C:\FILES\H\H1090\Motions & Ords\Reply-Supp-MSJ                                    Page 10 of 12

WHEREFORE, PREMISES CONSIDERED, Defendant City of Harlingen prays the Court grant summary judgement that Plaintiffs (or any of them) take nothing on all or any of their remaining claims, and for any other relief to which it is entitled.

Respectfully Submitted,

By: _____
TOM LOCKHART
State Bar No. 12473500
Federal ID No. 2257
ROGER W. HUGHES
State Bar No. 10229500
Federal ID No. 5950

**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495; FAX: 956/428-2954
RHughes@adamsgraham.com

Attorneys for Defendant CITY OF HARLINGEN

ADAMS & GRAHAM, L.L.P.
Defendant City of Harlingen's Reply in Support of Defendant's Motion for Summary Judgment
[10-fmg] C:\FILES\H\H1090\Motions & Ords\Reply-Supp-MSJ

Page 11 of 12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this the 1st day of June, 2004, to the following counsel of record and interested parties:

---

Attorney of Record for Plaintiffs Orelia Esquivel, et al.:

Mr. Rubén R. Peña
**LAW OFFICES OF RUBÉN R. PEÑA, P.C.**
P. O. Box 530160
Harlingen, TX 78551-0160

*CM/RRR 7003 2260 0000 0440 3357*

_____
ROGER W. HUGHES

ADAMS & GRAHAM, L.L.P.
Defendant City of Harlingen's Reply in Support of Defendant's Motion for Summary Judgment
[10-fmg] C:\FILES\H\H1090\Motions & Ords\Reply-Supp-MSJ                              Page 12 of 12