IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED
JUL 2 2 2004
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| ORELIA ESQUIVEL, individually and as next friend of a minor, JESUS ESQUIVEL, Plaintiff, VS. CIRCLE K STORES, INC. and the CITY OF HARLINGEN POLICE DEPARTMENT, Defendants. | § § § § § § § § § § § § |

CIVIL ACTION NO. B-03-104

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the court is a Motion for Summary Judgment (Docket No. 36) filed by Defendant, City of Harlingen ("City"). For the reasons set forth below, it is recommended that the motion be granted.

### I. Procedural Background

Plaintiffs, Orelia Esquivel and Jesus Esquivel ("Esquivels"), filed suit against defendants in the 138th District Court of Cameron County Texas, Cause No. 2003-05-2601-B, on May 21, 2003. Defendant, City of Harlingen, filed a Notice of Removal (Docket No. 1) on June 3, 2003, pursuant to 28 U.S.C. § 1331, but failed to identify the basis for federal question jurisdiction. The City then filed a Motion to Dismiss, arguing that the Esquivels had "essentially" stated a cause of action under 42 U.S.C. § 1983, but failed to allege that constitutional violations occurred as a result of a policy promulgated by a final policy maker for the City of Harlingen.

On August 6, 2003, United States Magistrate Judge John Wm. Black ordered the parties to submit briefs as to the issue of federal question jurisdiction, as alleged in the original state

1

court petition. In response, the Esquivels filed a Motion for Leave to File First Amended Original Complaint (Docket No. 7). Magistrate Judge John Wm. Black recommended that the Esquivels' Motion for Leave to Amend as well as the City's Motion to Dismiss be denied (See Docket No. 12).

United States District Judge Andrew S. Hanen issued an order dismissing the Esquivels' state law claims and adopting the Magistrate Judge's denial of the City's Motion to Dismiss as to the Esquivels' § 1983 claim. On April 19, 2004, the Esquivels filed an Agreed Notice of Dismissal (Docket No. 33) as to defendant, SSP Partners,[1] leaving only City of Harlingen as the sole defendant in the case.

The City then filed a Motion for Summary Judgment (Docket No. 36) on April 1, 2004. The Esquivels filed their response (Docket No. 42) and the City filed a reply (Docket No. 43).

## II. Factual Background

On June 17, 2003, the Esquivels purchased gasoline at a Circle K store in Harlingen, Texas, at the same time that the store was being robbed. While at the store, Jesus Esquivel encountered his uncle, Luis Ovalle ("Ovalle"). Officers believed that Ovalle was the perpetrator, based on a video tape of the robbery provided by the store, an eyewitness' statement, and Jesus Esquivel's statements to the officers. The officers further believed that Ovalle had fled the scene in the Esquivels' vehicle and that the Esquivels had assisted him. As the Esquivels were driving home, they were stopped by the officers, questioned, and subsequently arrested. The Esquivels

---

[1]Defendant, Circle K Stores, Inc., denied that it was a proper party defendant in the case. Circle K Food Store No. 0083 is owned by SSP Partners, the correct registered agent. *See* "Defendant, Circle K Stores, Inc.'s Original Answer" (Docket No. 21) and "Plaintiffs' Unopposed Motion for Leave to File Third Amended Original Complaint" (Docket No. 23).

were questioned and kept in jail over night. After further investigation, new evidence exonerated the Esquivels and revealed that Joseph Galipp stole the money. The Esquivels were released the next morning.

### III. Claims of the Parties

The City argues that the police officers had probable cause to arrest the Esquivels and the officers were not deliberately indifferent to the Esquivels' safety. The City contends that the officers did not use excessive or unreasonable force to arrest or detain the Esquivels and the conditions and length of detention were not conscience shocking.

The Esquivels argue that summary judgment is not proper as there is exists a genuine issue of material fact as to whether there was probable cause to make the arrest.

### IV. Standard of Review

Summary judgment evidence is viewed in the light most favorable to the non-movant. *Eastman Kodak v. Image Technical Servs.*, 504 U.S. 451, 456-58 (1992). Summary judgment is proper only when it appears that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). An alleged factual dispute will not defeat a motion unless it is genuine and material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "material" if it involves a fact that might affect the outcome of the suit under governing law. *Douglass v. United Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). Once the movant establishes the absence of a factual dispute, the burden shifts to the non-movant to show that summary judgment is inappropriate.

The nonmoving party may not rest upon the mere allegations or denials of its pleadings. *Anderson*, 477 U.S. at 256. Instead, the non-movant must "make a showing sufficient to

3

establish the existence of each essential element of its case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). This evidence must do more than create a metaphysical doubt. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986). Unsubstantiated or conclusory assertions that a fact issue exists will not suffice. *Anderson*, 477 U.S. at 256.

### V. Analysis

#### A. Section 1983 Not a Source of Substantive Rights

The Esquivels bring a claim pursuant to 42 U.S.C. § 1983, which provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territoty or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured." Section 1983 "is not itself a source of substantive rights", it provides "a method for vindicating federal rights elsewhere conferred". *Baker v. McCollan*, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979).

In this case, the Esquivels claim that they were was falsely arrested. Essentially a false arrest is an arrest made without probable cause in violation of the Fourth Amendment. Although not specifically set forth by the Esquivels, the claims regarding their detention and questioning appear to arise under the Fourteenth Amendment's Substantive Due Process Clause.

#### B. Liability of a Municipality

##### 1. Policy or Custom

To state a valid claim against a city or municipality under § 1983, a plaintiff must identify a policy or custom that caused the plaintiff to be subjected to a deprivation of a constitutional

right. *Palmer v. City of San Antonio, Texas*, 810 F.2d 514, 516 (5th Cir.1987). A policy will be attributed to a city for purposes of § 1983 liability, "where the policy was made by an official to whom the governing body had given policymaking authority." *Bennett v. City of Slidell*, 728 F.2d 762, 769 (en banc), modified, 735 F.2d 861 (5th Cir.1984) (en banc) (per curiam).

In this case, the Esquivels have not set forth facts which show the existence of an official policy or custom of the City of Harlingen, which violated their Fourth Amendment rights.

## 2. Liability of a Municipality - Respondeat Superior

A municipality cannot be held liable on a simple respondeat superior theory, as the policy must be the "moving force" behind the violation. *Bigford v. Taylor*, 834 F.2d 1213 (5th Cir. 1988). The Supreme Court has ruled that a local government unit cannot be held liable under § 1983 "unless action pursuant to official municipal [or county] policy of some nature" caused the constitutional tort of which the plaintiff complains. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292, 1297, 89 L.Ed.2d 452 (1986) (*quoting Monell v. Dept. of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978)). A municipality cannot be held liable solely because it employs a tortfeasor. *Monell*, 436 U.S. at 691, 98 S.Ct. at 2036.

In this case, the Esquivels' claim was brought solely against the City of Harlingen and not the officers in their individual capacities. Because the City cannot be held liable based on the actions of its employees, without showing that the City had a policy which was the moving force behind the violation, the Esquivels' claim must fail. The Esquivels have not set forth facts showing the existence of a policy or custom instituted by the City, nor that the officers were acting as official policy makers for the City.

## VI. Recommendation

IT IS here by RECOMMENDED that the City's Motion for Summary Judgment (Docket No.36) be GRANTED.

DONE at Brownsville, Texas, this 22nd day of July 2004.

_____
John Wm. Black
United States Magistrate Judge